# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TELLEZ, | CASE NO. 1:11-cv–01042-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| S. PEREZ, et al., | |
| Defendants. / | |

Plaintiff Joel Tellez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on June 23, 2011. (ECF No. 1.) Plaintiff consented to the jurisdiction of the Magistrate Judge on July 5, 2011. (ECF No. 4.) On May 16, 2012, an order issued requiring Plaintiff, within thirty days, to either file an amended complaint or notify the court that he was willing to proceed only on the claims found to be cognizable. (ECF No. 11.) More than thirty days have passed and Plaintiff has failed to comply with or otherwise respond to the order. Plaintiff was warned that failure to respond would result in this action being dismissed.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

    Based on Plaintiff's failure to comply with or otherwise respond to the court order, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u>  This action, which has been pending since 2011, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u> Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.

    IT IS SO ORDERED.

**Dated:**   **July 12, 2012**        **/s/ Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE